# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-10-086-RAW |
| MIGUEL ZAVALA GARCIA, | |
| Defendant. | |

## ORDER & OPINION

This matter came before the court on July 26, 2011 for hearing on the Government's Appeal of the Release Order by the United States Magistrate Judge in the Eastern District of California [Docket No. 158].

On December 8, 2010, the Grand Jury returned a Sealed Indictment charging Miguel Zavala Garcia, (hereinafter "Defendant Garcia") and five other defendants with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation 21 U.S.C. § 846. An arrest warrant was issued for Defendant Garcia on the same day, December 8, 2010. Defendant Garcia was not found and arrested until more than six months had passed, on June 16, 2011.

At the hearing, the court heard arguments from defense counsel and the Government and testimony from two witnesses. The court would have also reviewed *de novo* the evidence offered at the detention hearing held in California on June 24, 2011, but none was presented to the court.

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of [Defendant Garcia] as required and the safety of any other person and the

community," the court must order his detention pending trial. 18 U.S.C. § 3142(e). Title 18, section 3142(e)(3) provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed– (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

As the Tenth Circuit has pointed out, "the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence." United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989). "[T]he risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" Id.

Since the § 3142(e)(3)(A) presumption has been invoked, the Defendant carries a burden of production. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The burden of persuasion regarding flight risk and danger to the community, however, remains with the Government. Id. at 1354-55. The Defendant's burden is not heavy, he must only produce some evidence. Id. at 1355. Even if the Defendant has met his burden, however, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id.

Having considered all of the arguments and evidence presented at the hearing and the factors set forth in § 3142(g), the court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant Garcia as required and the safety of any other person and the community. Accordingly, the court REVERSES the June 24, 2011 Release Order. Defendant Garcia is remanded to the custody of the United States Marshal Service pending trial.

It is so ORDERED this 27thday of July, 2011.

Ronald A. White
United States District Judge
Eastern District of Oklahoma